OPINION
{¶ 1} Defendant-appellant, Joe Fodal, appeals from the Greene County Common Pleas Court's decision to sentence him to a five-month jail term for petty theft following his guilty plea to that charge.
 {¶ 2} In April 2001, Fodal was indicted on one count of theft pursuant to R.C. 2913.02(A)(2), a fifth-degree felony. The charge stemmed from allegations that Fodal took $2,262 from one of his clients and converted it to his personal use. Fodal agreed to plead guilty to one count of petty theft pursuant to R.C. 2913.02(A)(2), a first-degree misdemeanor. The trial court sentenced Fodal to a five-month jail term and placed him on probation for a period of one year, with the period of probation to commence on his sentencing date.
 {¶ 3} Fodal appealed his sentence to this court, raising two assignments of error. In his first assignment of error, he argued that the trial court abused its discretion by imposing a five-month jail term which, he claimed, was unduly harsh. In his second assignment of error, he argued that the trial court actually meant only to place him on probation, with no jail time, because it was inconsistent to impose a jail sentence on a defendant and, at the same time, to place him on probation.
 {¶ 4} This court rejected Fodal's first assignment of error, but sustained in part his second assignment of error. This court reversed Fodal's sentence, and remanded the matter to the trial court for re-sentencing. On remand, the trial court sentenced Fodal to a five-month jail term. Fodal now appeals, raising one assignment of error as follows:
 {¶ 5} "The judge's sentence in this case was an abuse of discretion and unduly harsh."
 {¶ 6} Fodal argues that the trial court abused its discretion by imposing a five-month jail sentence. In support of this argument, he generally makes the same arguments he did during his initial appeal. We reject these arguments for the same reasons we did in his initial appeal. See State v. Fodal, Greene App. No. 2001-CA-115, 2003-Ohio-204. The trial court's sentencing decision in this case was well within the considerable discretion it has in such matters. Id. Fodal also attempts to challenge certain comments the trial court made at the original
sentencing hearing, but, obviously, he cannot raise any such argument now, at this late date.
 {¶ 7} Fodal's assignment of error is overruled.
 {¶ 8} The trial court's judgment is affirmed.
Valen, P.J., and Walsh, J., concur.
Valen, P.J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Walsh, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Powell, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.